IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KELLY REINHOLD n/k/a, | ) | |
| KELLY VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-0265-CV-W-DW |
| | ) | |
| MAIN STREET MIDWEST, d/b/a | ) | |
| TGI FRIDAY'S RESTAURANT | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand. (Doc. 8). Plaintiff does not contest that the diversity of citizenship or that the amount in controversy satisfies the jurisdictional requirement. Plaintiff instead seeks remand on the basis that Defendant's Notice of Removal was untimely.

Defendant filed its Notice of Removal on April 4, 2007. Plaintiff attached to her Motion two settlement demands, one which was mailed prior to Plaintiff filing her state court action, that she sent Defendant seeking damages in excess of $75,000. Plaintiff thus argues that Defendant had notice that this case was removable when Defendant was first served with the petition on August 17, 2006, and the notice of removal should have been filed within thirty days of that date.

Notice of removal must be filed either (1) within thirty days after Defendant receives, through service or otherwise, a copy of the initial pleading or service of summons or (2) if the case is not removable on the face of the initial pleading, within thirty days of receipt of "an amended pleading, motion, order or other paper from which may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The question then is whether either of Plaintiff's settlement demands may be considered "other paper" triggering the thirty-day deadline. Many courts have defined "other paper" to include pre-suit settlement demands. Williams v. Safeco Ins. Co. of Am., 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999) (gathering cases). Regardless of the propriety of those decisions, however, Defendant also received notice that the case was removable when Plaintiff sent her second settlement demand on January 11, 2007. Since the deadline for removal is waivable and Defendant failed to remove within 30 days from the January 11th letter, Defendant may not remove this case at a later time. Id.

For the foregoing reasons, this case is REMANDED to the Circuit Court of Jackson County, Missouri.

IT IS SO ORDERED.

Date:   June 14, 2007                              /s/ Dean Whipple
                                                     Dean Whipple
                                             United States District Judge